| | |
|---|---|
| JOHN MATHEW LONKEY,<br><br>    Petitioner,<br><br> v.<br><br>RANDY BLADES,<br><br>    Respondent. | Case No. 1:17-cv-00379-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner John Mathew Lonkey ("Petitioner"), challenging Petitioner's state court convictions for burglary and rape. (Dkt. 3.) Respondent has filed a Motion for Partial Summary Dismissal, seeking the dismissal of Claims 1, 2, and 3. (Dkt. 13.) The Motion is now ripe for adjudication.

  The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 12.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

  The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. 10.) Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L.

Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Motion and dismissing Claims 1 through 3 with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Lonkey*, Docket No. 41835, Op. 316 (Idaho Ct. App. Jan. 22, 2015) (unpublished), which is contained in the record at State's Lodging B-3. The facts will not be repeated here except as necessary to explain the Court's decision.

In the Third Judicial District Court in Owyhee County, Idaho, Petitioner pleaded guilty to one count of burglary and one count of rape. In return for the plea, the state dismissed (1) an additional charge of interfering with a telephonic communication instrument and (2) a deadly-weapon sentencing enhancement. (State's Lodging B-3 at 1-2.) Petitioner received a unified sentence of life in prison with 25 years fixed on the rape conviction, and a concurrent unified sentence of ten years in prison with five years fixed on the burglary conviction. (*Id.* at 2.)

Petitioner appealed, arguing (1) that the state violated due process by breaching the plea agreement with respect to its sentencing recommendation, and (2) that the trial court abused its sentencing discretion. (State's Lodging B-1.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-3; B-6.)

Petitioner then filed a pro se petition for state post-conviction relief, once again asserting that the state breached the plea agreement and that the trial court imposed an excessive sentence. (State's Lodging C-2 at 4-7.) Petitioner was appointed counsel. (*Id.* at 20, 24.) Counsel did not amend the petition, even after the trial court notified Petitioner

**MEMORANDUM DECISION AND ORDER - 2**

of its intent to dismiss based on the doctrine of res judicata. (*Id.* at 25-29, 33-35.) The state district court dismissed the petition on that basis—that the claims had already been decided on direct appeal. (*Id.* at 36-37.)

Petitioner was initially appointed counsel on appeal from dismissal of the post-conviction petition. However, counsel later withdrew from the representation, with the approval of the Idaho Supreme Court. (State's Lodging D-1; D-2.) Petitioner then filed a pro se brief, arguing (1) that his trial counsel rendered ineffective assistance by failing to adequately communicate with Petitioner or to argue that the sentencing judge had a conflict of interest, and (2) that his post-conviction counsel in the state district court—the proceeding from which he appealed—was also constitutionally ineffective.[1]

The Idaho Court of Appeals concluded that Petitioner's claims of ineffective assistance of counsel were barred because he did not raise them in his post-conviction petition before the state district court. (State's Lodging D-6 at 3-4.) The court also noted that, in Idaho, ineffective assistance of post-conviction counsel is not an available basis for post-conviction relief. (*Id.* at 4 n.1.) The state appellate court affirmed the dismissal of the post-conviction petition and denied Petitioner's request for rehearing. (State's Lodging D-9.) The Idaho Supreme Court denied review. (State's Lodging D-12.)

In the instant federal habeas corpus petition, Petitioner asserts four claims. Claim 1 alleges that the sentencing judge had a conflict of interest. (Dkt. 3 at 6.) Claim 2 asserts

---

[1] It is unclear whether, on appeal from the dismissal of his post-conviction petition, Petitioner initially intended to assert his trial-counsel ineffectiveness claims as independent constitutional claims or as reasons why his post-conviction counsel was ineffective. However, the Idaho Court of Appeals construed Petitioner's brief as asserting, as independent claims, that both trial counsel and post-conviction counsel rendered ineffective assistance. (State's Lodging D-6 at 3-4.)

**MEMORANDUM DECISION AND ORDER - 3**

that Petitioner's trial counsel was ineffective in failing to adequately communicate with Petitioner and in failing to argue "for the sentence he promised [Petitioner] would get." (*Id*. at 7.) In Claim 3, Petitioner contends that his post-conviction counsel rendered ineffective assistance in failing to adequately communicate with Petitioner and in failing to raise Claims 1 and 2 during post-conviction proceedings.[2] (*Id*. at 8.) Finally, Claim 4 asserts that the prosecution breached the plea agreement with its sentencing recommendation. (*Id*. at 9.)

The Court previously reviewed the Petition and allowed Petitioner to proceed to the extent his claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 7 at 2.)

Respondent now argues that Claims 1, 2, and 3 must be dismissed as procedurally defaulted or noncognizable. (Dkt. 13.)

## DISCUSSION

**1.  Standard of Law Governing Summary Dismissal**

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see*

---

[2]  The Court initially construed Claim 3 as asserting ineffective assistance of either direct appeal *or* post-conviction counsel (*see* Dkt. 7 at 2), as it did not have the benefit of the state court record to determine which attorney Petitioner had named in this claim. It is now clear that Claim 3 asserts ineffective assistance on the part of Petitioner's counsel during the initial post-conviction proceeding.

**MEMORANDUM DECISION AND ORDER - 4**

Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

2.   **Claim 3 Is Noncognizable**

Where a petitioner asserts a habeas claim that does not rely on a federal right, the claim is said to be noncognizable—meaning that it is not a basis for federal habeas relief. In Claim 3, Petitioner asserts that his lawyer during his initial post-conviction proceedings rendered ineffective assistance. However, there is no federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Although ineffective assistance of post-conviction counsel can, in limited circumstances, constitute cause to excuse the procedural default of a trial-counsel ineffectiveness claim—which the Court will discuss further in Section 3.C., below—it is not an independent constitutional claim. Therefore, Claim 3 will be dismissed as noncognizable.

3.   **Claims 1 and 2 Are Procedurally Defaulted without Legal Excuse**

   A.   *Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors

**MEMORANDUM DECISION AND ORDER - 5**

at each level of appellate review. *Id.* at 845. In Idaho, a defendant has the possibility of discretionary review in the highest appellate court; hence, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to present it fully and fairly as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and

independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is adequate even if it is a discretionary rule, and even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). The use of a state rule's "imprecise standard ... is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule is not independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id*. (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (stating that "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not

**MEMORANDUM DECISION AND ORDER - 7**

independent because, "[b]efore applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

Where the state sufficiently pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule either is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586. The ultimate burden to show that the procedural rule is adequate and independent, however, remains with the state.

### B. *Claims 1 and 2 Are Procedurally Defaulted*

The most straightforward manner to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings. On direct appeal, Petitioner raised two claims—breach of the plea agreement and abuse of discretion at sentencing. The plea agreement breach claim is presented as Claim 4 in the Petition and is not subject to Respondent's Motion for Partial Summary Dismissal. Petitioner did not raise any of his other habeas claims to the state courts on direct appeal.

On appeal from the dismissal of his post-conviction petition, Petitioner raised Claim 3, which the Court has already determined to be noncognizable. The Idaho Court of Appeals found that Petitioner also raised Claim 2—ineffective assistance of trial counsel—in his appellate briefing. However, although Petitioner's brief referred to Claim

**MEMORANDUM DECISION AND ORDER - 8**

1—the judicial-conflict claim—he argued it only as a claim that trial counsel should have raised, rather than as a freestanding claim of judicial conflict or judicial bias. *See Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) ("Here, although [the petitioner's] Fifth Amendment claim is related to his claim of ineffective assistance, he did not fairly present the Fifth Amendment claim to the state courts when he merely discussed it as one of several issues which were handled ineffectively by his trial and appellate counsel. While admittedly related, *they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts*." (emphasis added)). The Idaho Court of Appeals did not mention Petitioner's conflict-of-interest claim.

The state appellate court concluded that Petitioner's IATC claims were procedurally barred because Petitioner did not raise them in the state district court.[3] (State's Lodging D-6 at 3-4.) Petitioner also failed to raise his conflict-of-interest claim in the state district court.

Idaho appellate courts generally will not consider arguments made for the first time on appeal. *See Row v. State*, 21 P.3d 895, 902 (Idaho 2001) ("The longstanding rule of this Court is that we will not consider issues that are raised for the first time on appeal."). The state has met its initial burden of invoking that procedural rule as adequate and independent. Thus, Petitioner must show that the rule was unclear, inconsistently

---

[3] The court of appeals also held that Petitioner should have raised his *post-conviction counsel* ineffectiveness claim—Claim 3—in state district court. Though Petitioner could not possibly have raised, in the state district court, a claim that his attorney rendered ineffective assistance *in the very same proceeding*, the state court's decision on that issue does not affect its decision on Claims 1 and 2, nor does it change this Court's conclusion that Claim 3 is noncognizable.

**MEMORANDUM DECISION AND ORDER - 9**

applied, or not well-established at the time of the default. *See Klauser*, 266 F.3d at 1093-94. Petitioner has not done so. And this Court has already held that the Idaho rule requiring that an objection be made, or an issue raised, in the trial court is an adequate and independent state procedural ground. *Nelson v. Blades*, No. CV 04-001-S-LMB, 2009 WL 790172, at *8 (D. Idaho Mar. 23, 2009). Therefore, Claims 1 and 2 are procedurally defaulted.[4]

However, that conclusion does not end the inquiry. Even if a petitioner's claim is procedurally defaulted, a federal district court can still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal procedural arguments that, if sufficiently established by a petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.[5]

---

[4] Alternatively, Claim 1 is also procedurally defaulted because Petitioner has never presented a *freestanding* judicial-conflict or judicial-bias claim to any Idaho court. *See Rose*, 395 F.3d at 1112.

[5] In his response to the Motion for Partial Summary Dismissal, Petitioner has not clearly argued that his claims are excused from default; rather, he appears to argue only the merits of his claims. (*See* Dkt. 15.) Mindful that Petitioner is proceeding pro se, the Court has independently reviewed the state court record to determine whether an exception to procedural default applies in this case.

**MEMORANDUM DECISION AND ORDER - 10**

### C. Cause and Prejudice

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for a default may follow from ineffective assistance of counsel ("IAC"). For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for IAC—whether at trial or on direct appeal—to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, a federal court ordinarily only considers ineffective assistance of trial or direct appeal counsel as cause to excuse the default of an underlying habeas claim if the petitioner has made a procedurally proper claim of ineffective assistance of counsel to the state courts, such as in a post-conviction relief petition, including through the level

**MEMORANDUM DECISION AND ORDER - 11**

of the Idaho Supreme Court. If the alleged IAC claim was not fairly presented to the state courts, the petitioner must show that an excuse for that separate default exists, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

Because there is no federal constitutional right to the effective assistance of counsel during state post-conviction proceedings, *Finley*, 481 U.S. at 554, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default, *Coleman*, 501 U.S. at 752. However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. *Martinez* does not apply to any claims other than ineffective-assistance-of-trial-counsel ("IATC") claims, and it can apply only if the underlying IATC claim is both exhausted and procedurally defaulted. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*); *Creech v. Ramirez*, No. 1:99-cv-00224-BLW, 2016 WL 8605324, at *21 (D. Idaho Jan. 29, 2016) (holding that claims were not subject to *Martinez* because they were not fundamentally altered from claims decided on the merits in state court proceedings and, therefore, were not procedurally defaulted).

**MEMORANDUM DECISION AND ORDER - 12**

The *Martinez* cause-and-prejudice test consists of four necessary prongs: (1) the underlying IATC claim must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IATC claim could have been brought; and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013).

To show that a claim is "substantial" under *Martinez*, a petitioner must point to evidence demonstrating that the underlying IATC claim has "some merit." *Martinez*, 556 U.S. at 14. That is, the petitioner must submit at least *some* evidence tending to show that (a) trial counsel performed deficiently in handling some aspect of pretrial or trial duties and (b) the deficient performance harmed the defense, which is defined as a reasonable probability of a different outcome at trial. *Strickland v. Washington*, 466 U.S. 668, 695-96 (1984).

Even if an underlying claim is substantial under *Martinez*, a petitioner must also establish that ineffective assistance of post-conviction counsel in the initial-review collateral proceeding caused the default of that claim. That requires a showing not just that claims were omitted or not fully pursued in the initial post-conviction action, but also that the post-conviction attorney in the initial post-conviction matter was constitutionally ineffective—meaning that (1) post-conviction counsel performed deficiently in failing to raise or fully pursue the claim, and (2) there is a reasonable probability that the deficient

**MEMORANDUM DECISION AND ORDER - 13**

performance resulted in prejudice in the post-conviction proceedings. *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015) (en banc); *see also Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016) ("Construing *Martinez*, we have held that, to fulfill this requirement, a petitioner must show not only that [post-conviction review] counsel performed deficiently, but also that this prejudiced the petitioner ...."), *cert. denied*, 137 S. Ct. 1439 (2017).

Even if Petitioner seeks to argue ineffective assistance of trial or direct appeal counsel to excuse the default of Claim 1—a trial-error claim that the sentencing judge had a conflict of interest—Petitioner did not properly exhaust that cause argument as required by *Edwards v. Carpenter*. The IAC argument was not fairly presented to the state courts, as explained above, and Petitioner has not shown an excuse for the separate default of that cause argument. *See Edwards*, 529 U.S. at 452.

The Court has also considered whether the exception identified in *Martinez v. Ryan* is available to Petitioner. The only claim potentially subject to *Martinez* is Claim 2, as Petitioner's other claims are not IATC claims. *See Davila*, 137 S. Ct. at 2063; *Hunton*, 732 F.3d at 1126-27. The Court has found nothing in the record to suggest that Claim 2 is substantial. Therefore, *Martinez* does not apply to excuse the default of that claim.

### D. *Actual Innocence*

If a petitioner cannot show cause and prejudice for his procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." That standard requires

**MEMORANDUM DECISION AND ORDER - 14**

proof that a constitutional violation probably has resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit. This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327).

Petitioner has not presented any new, reliable evidence that he is actually innocent. Therefore, he has not established an excuse for the procedural default of Claims 1, 2 or 3.

## CONCLUSION

For the foregoing reasons, the Court concludes that Claims 1 and 2 are procedurally defaulted, without legal excuse, and that Claim 3 is noncognizable. Therefore, these three claims will be dismissed.

# ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time (Dkt. 11) is GRANTED.

2. Respondent's Motion for Partial Summary Dismissal (Dkt. 13) is GRANTED. Claims 1, 2, and 3 are DISMISSED with prejudice.

3. Respondent must file an answer to the remaining claim—Claim 4—within 60 days of the date of this Order. Petitioner may file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: March 8, 2019

Ronald E. Bush
Chief U.S. Magistrate Judge